IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

**LEE A. CRAFT,**

        **Plaintiff,**

v.                                                         Case 2:22-cv-02453-SHL-cgc

**ST. JUDE CHILDREN'S RESEARCH
HOSPITAL, INC.,**

        **Defendant.**

---

**REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

---

Before the Court is Defendant St. Jude Children's Research Hospital's ("Defendant" or "St. Jude") Motion for Summary Judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Docket Entry ("D.E.") # 24). Pursuant to Administrative Order 2013-05, the instant motion has been referred to the United States Magistrate Judge for Report and Recommendation. For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion for Summary Judgment be GRANTED.

**I.     Background**

On June 13, 2022, Plaintiff Lee A. Craft filed a *pro se* Complaint (D.E. #1) alleging discrimination on the basis of race (Black) and reverse discrimination on the basis of sex (male) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. Specifically, Plaintiff alleges that he was discriminated against on two different occasions. First, Plaintiff alleges that, on February 10, 2021, he was not informed that lodging accommodations were being

provided for employees to be able to work during inclement weather conditions. (Compl. ¶¶ 10(2)-(3)). As a result, Plaintiff alleges that he was denied the opportunity to work. (*Id*. ¶ 10(3)). He alleges that two female employees were given accommodations that were denied to him. (*Id*. ¶ 10(4)). Second, Plaintiff alleges that, on or about March 31, 2021, he suffered an on-the-job injury. (*Id*. ¶ 10(5) at PageID 8). He alleges that he provided St. Jude with medical documentation of the accommodations he needed but was denied any such accommodations. (*Id*. ¶ 10(6)-(7) at PageID 8). He alleges that a white female employee with a similar injury was provided work accommodations. (*Id*. ¶ 10(8) at PageID 8).

On June 30, 2023, Defendant filed the instant Motion for Summary Judgment along with its Statement of Undisputed Material Facts (D.E. #24), the Declaration of Leander Mallard (D.E. #24-4 ("Mallard Decl.")), the EEOC Charge of Discrimination (D.E. #24-5), and excerpts from Plaintiff's deposition (D.E. #24-3 ("Pl.'s Dep.")). Defendant's Motion for Summary Judgment argues that Plaintiff cannot establish a *prima facie* case of race discrimination or reverse sex discrimination. Specifically, Defendant argues that Plaintiff did not suffer any adverse employment actions, that he has not identified any similarly situated comparators, and, as to his reverse sex discrimination claim, that he is not in a protected class because he has not demonstrated that St. Jude is the unusual employer who discriminates against men. Defendant further argues that, even if Plaintiff were able to establish a *prima facie* case, it has provided undisputed evidence that it had legitimate, non-discriminatory reasons for its employment decisions.

Local Rule 56.1 provides that "[a] party opposing a motion for summary judgment must file a response within 28 days after the motion is served." Plaintiff failed to do so. Accordingly, on August 3, 2023, the Court issued an Order to Show cause directing him to do so within fourteen (14) days of the entry of the Order. (D.E. # 25).

On August 14, 2023, Plaintiff filed a Response to the Court's Order to Show Cause along with a number of exhibits thereto. (D.E. #26). Plaintiff's Response, however, does not comply with Local Rule 56.1. Specifically, Local Rule 56.1(b) has several requirements. First, it requires that a party opposing a motion for summary judgment must respond to each fact set forth by the movant. Second, it requires that each disputed fact must be supported by a specific citation to the record and that such disputes must be made in one of the specified formats. Plaintiff did not comply with either requirement. Local Rule 56.1(d) provides that failure to respond to a moving party's statement of material facts shall indicate that the asserted facts are not disputed for purposes of summary judgment. On August 14, 2023, an Order to Show Cause (D.E. # 27) was entered informing Plaintiff of the deficiencies in his response, ordering him to file a compliant response to Defendant's statement of material facts and warning him that a failure to file a compliant response would result in a recommendation that Defendant's statement of facts be deemed undisputed. Plaintiff did not respond to the Order to Show Cause. Accordingly, it is RECOMMENDED here that St. Jude's evidence be deemed as undisputed for purposes of this motion.

## II.   Proposed Findings of Fact

Plaintiff was employed as an Animal Facilities Attendant I in the Animal Resource Center ("ARC") at St. Jude. (Pl.'s Dep. 17:23-24, 18:9-10; Mallard Decl. ¶ 1). Animal facilities attendants work in the cage wash area. (Mallard Decl. ¶ 7). This position is distinct from animal husbandry technicians who are assigned to take care of the animals on a day-to-day basis. (Mallard Decl. ¶ 6).

Plaintiff's original supervisor at St. Jude was Leander Mallard ("Mallard"), who is a Black male. (Pl.'s Dep. at 49:13-16). Plaintiff later reported to Mack Johnson ("Johnson"), who is a Black male. (Pl.'s Dep. at 49:20-50:1).

On or about February 10, 2021, Mallard began making plans to ensure that essential employees could report to work beginning February 14, 2021, when a severe snowstorm was forecasted to occur in Memphis, Tennessee. (Mallard Decl. ¶ 10). ARC employees are considered essential workers and are subject to the St. Jude Inclement Weather Policy. (Mallard Decl. ¶ 11 & Exh. 1; Pl.'s Dep. Exh. 7). On or about February 12, 2021, Mallard was approached by two animal facilities assistants, both of whom are Black females, who volunteered to stay overnight to assist. (Mallard Decl. ¶ 12). These employees asked Mallard if he could find a hotel room for them but offered to sleep on a cot if necessary. (Mallard Decl. ¶ 13). Mallard was able to secure lodging for these employees. (Mallard Decl. ¶ 14).

Plaintiff was not scheduled to work on February 14, 2021 and did not volunteer to report to work and stay overnight. (Mallard Decl. ¶ 15; Pl.'s Dep. at 41:19-21). Plaintiff did not request or receive a hotel room. (Mallard Decl. ¶ 18; Pl.'s Dep. at 36:21-23). Plaintiff returned to work on February 15, 2021. (Mallard Decl. ¶ 16). Plaintiff, along with all other ARC employees, were told that they could come to work if they felt safe doing during the period of inclement weather so but that they were not required to do so. (Mallard Decl. ¶¶ 16-17; Pl.'s Dep. at 43:1-13). At no time did Plaintiff raise any concern about his ability to report to work during the period of inclement weather. (Pl.'s Dep. at 39:1-4). Likewise, Plaintiff did not speak to Mallard about any concerns regarding the other employees being provided hotel rooms. (Pl.'s Dep. at 39:5-9). Plaintiff did not lose any pay during the inclement weather period. (Pl.'s Dep. at 113:12-14).

On or about March 31, 2021, Plaintiff submitted a doctor's note after suffering an injury that recommended no lifting, no standing, no walking, and limited use of his right leg. (Mallard Decl. ¶ 19 & Exh. 9; Pl.'s Dep. at 47:1-4). Mallard determined that St. Jude could not accommodate Plaintiff's injury restrictions in either the cage washing role or in any other position in ARC. (Pl.'s Dep. at ¶ 20). Plaintiff did not return to his doctor to ask if he could perform the essential functions of his job with lesser restrictions. (Pl.'s Dep. at 54:3-12). Plaintiff returned to work approximately six days later. (Pl.'s Dep. at 54:13-15). Plaintiff's pay stubs reflect that he used vacation and sick leave during that pay period but did not utilize unpaid leave. (Mallard Decl. at ¶ 28 & Exh. 2).

Just prior to Plaintiff's injury, another St. Jude employee ("Doe") who worked as an animal husbandry technician, developed metatarsalgia, which causes pain and inflammation in the ball of the foot. (Mallard Decl. ¶ 22). Doe is a white female. (*Id*.) Doe's restrictions were as follows: (1) check only 1-5 cages, as any more requires too much squatting; (2) take breaks when checking cages to avoid excessive bending; (3) refrain from wearing a Tyvek suit so she could wear a boot; (4) refrain from heavy lifting; (5) refrain from lifting twenty cages on top of each other and/or lifting off the ground to place on equipment; and, (6) refraining from squatting and excessive bending for six weeks. (Mallard Decl. ¶ 23).

Because Doe's regular role as an animal husbandry technician required her to wear personal protective equipment ("PPE"), Doe could not perform that job. (Mallard ¶¶ 6-24). However, St. Jude had a temporary job in the cage wash role that Doe could perform within her restrictions. (Mallard Decl. ¶ 25). This role required someone to sit and observe a machine that was temporarily malfunctioning and awaiting repair. (Mallard Decl. ¶ 26). It also required the individual to turn off the machine when it overflowed and communicate any malfunctions to

management. (*Id*.)  The accommodation provided to Doe was not available to Plaintiff in part because it was already being performed by Doe but also because his restrictions included no standing and walking. (*Id*.)

Plaintiff filed a Charge of Discrimination with the Tennessee Human Rights Commission alleging discrimination on the basis of race and reverse discrimination on the basis of sex on June 17, 2021. (Pl.'s Compl. at Exh. 1, filed at D.E. #1-1; Def.'s Mot. for Summ. J, Exh. C, filed at D.E. #24-5). Plaintiff voluntarily resigned from St. Jude effective August 26, 2022. (Pl.'s Dep. at 23:18-24:5 & Exh. 3).

### III. Proposed Analysis and Conclusions of Law

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Although hearsay evidence may not be considered on a motion for summary judgment, *Jacklyn v. Schering-Plough Healthcare Prods. Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999), evidentiary materials presented to avoid summary judgment otherwise need not be in a form that would be admissible at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Thaddeus-X v. Blatter*, 175 F.3d 378, 400 (6th Cir. 1999). The evidence and justifiable inferences based on facts must be viewed in a light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 460 (6th Cir. 2001).

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

6

bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The moving party can prove the absence of a genuine issue of material fact by showing that there is a lack of evidence to support the nonmoving party's case. Id. at 325. This may be accomplished by submitting affirmative evidence negating an essential element of the nonmoving party's claim, or by attacking the nonmoving party's evidence to show why it does not support a judgment for the nonmoving party. 10a Charles A. Wright et al., *Federal Practice and Procedure* § 2727 (2d ed. 1998).

Once a properly supported motion for summary judgment has been made, the "adverse party may not rest upon the mere allegations or denials of [its] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To avoid summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

Under Title VII, discrimination of the basis of "race, color, religion, sex, or national origin" constitutes an unlawful employment practice. 42 U.S.C. § 2000e-2(a). When there is no direct evidence of discrimination, the *McDonnell Douglas* burden-shifting framework applies. *See McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 802 (1973). Under this framework, to establish a *prima facie* case of discrimination, Plaintiff must demonstrate as follows: (1) that he is a member of a protected class; (2) that he was qualified for the position; (3) that he experienced an adverse employment action; and (4) that he was treated differently than similarly situated employees outside the protected class. *Presley v. Ohio Dep't of Rehab. & Corr.*, 675 F. App'x 507, 512 (6th Cir. 2017) (citing *Wheat v. Fifth Third Bank*, 785 F.3d 230, 237 (6th Cir. 2015)).

To satisfy the third prong, the plaintiff must establish that he suffered a materially adverse change in the terms and conditions of his employment. *Redlin v. Grosse Pointe Public Sch. Sys.*, 921 F.3d 599, 607 (6th Cir. 2019) (citations omitted). The action must constitute a significant change in employment status, such as hiring, firing, failure to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits. *Id*. Conversely, *de minimis* employment actions are not actionable. *Bowman v. Shawnee State Univ.*, 220 F.3d 456, 462 (6th Cir. 2000). To satisfy the fourth prong, an adequate comparator must be similarly situated in aspects such as "job title, responsibilities, experience, and work record." *Grice v. Jackson-Madison Cty. Gen. Hosp. Dist.*, 981 F. Supp. 2d 719, 728-29 (W.D. Tenn. Nov. 5, 2013) (citations omitted).

In cases of reverse race discrimination, where a member of a majority group such as men claims discrimination, the Sixth Circuit has modified the first and fourth prongs of the *prima facie* case. *Steven C. Simpson v. The Vanderbilt Univ.*, 359 Fed. App'x 562, 569 (6th Cir. 2009) (citing *Leadbetter v. Gilley*, 385 F.3d 683, 690 (6th Cir. 2004)) (setting forth the modified *prima facie* case and applying it to a claim of reverse sex discrimination by a male employee). To satisfy the first prong of the *prima facie* case, the plaintiff must demonstrate background circumstances to support the suspicion that the defendant is that unusual employer who discriminates against the majority. *Simpson*, 359 Fed. App'x at 569 (citing *Sutherland v. Mich. Dep't of Treasury*, 344 F.3d 603, 614 (6th Cir. 2003)). To satisfy the fourth prong of the *prima facie* case the plaintiff must show that the defendant treated employees who were similarly situated but not members of the protected class differently. *Id*.

If the plaintiff establishes the *prima facie* case, a mandatory presumption of discrimination is created, and the burden shifts to the defendant to "articulate some legitimate, nondiscriminatory

reason for the employee's rejection." *McDonnell Douglas Corp.*, 411 U.S. at 802. If the defendant meets this burden, then a plaintiff must prove that the reason proffered by the defendant is a pretext to hide unlawful discrimination. *Id.* The plaintiff may establish that the proffered reason is a mere pretext by showing that the stated reasons had no basis in fact, that the stated reasons were not the actual reasons, and that the stated reasons were insufficient to explain the defendant's action. *Wheeler v. McKinley Enters.*, 937 F.2d 1158, 1162 (6th Cir. 1991). "A reason cannot be proved to be a pretext for discrimination unless it is shown both that the reason was false, and that discrimination was the real reason." *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 515 (1993).

### a. *Whether Plaintiff is in a protected class for the purposes of reverse sex discrimination*

With respect to Plaintiff's reverse sex discrimination claims, there is no evidence in the record to show that St. Jude was the unusual employer who discriminates against men. The only evidence in the record pertaining to St. Jude's employment of men whatsoever is that two men—Mallard and Johnson—were employed in supervisory roles. Accordingly, it is RECOMMENDED that Plaintiff's claims of reverse sex discrimination in violation of Title VII fail the first prong of the modified *prima facie* case. Thus, it is further RECOMMENDED that these claims fail as a matter of law.

### b. *Whether Plaintiff suffered an adverse employment action*

With respect to Plaintiff's remaining claim of race discrimination, there is no evidence that he suffered any adverse employment action. As to the denial of a hotel room during inclement weather, it is undisputed that Plaintiff did not request any such accommodations and that he was not on duty on the date for which they were provided to the employees who did request overnight lodging. There is no evidence in the record that any employees were offered hotel rooms without having requested them. It is further undisputed that Plaintiff and all other employees were told

that they did not have to report to work during the inclement weather if they believed it was unsafe to do so. Plaintiff reported to work on one of the days but elected to use paid leave on the other days. Paid leave of absence does not constitute an adverse employment action. *Terrence Bradley, Jr. v. United States Steel Corp.*, No. 21-cv-10923, 2023 WL 4373008, at *12 (E.D. Mich. July 6, 2023) (citing cases). Accordingly, Plaintiff's claim of race discrimination in violation of Title VII arising out of this incident fail as a matter of law.

As to the denial of accommodations while Plaintiff recovered from a foot injury, Plaintiff again elected to utilize paid leave and at no time went without pay. This does not rise to the level of an adverse employment action and, thus, Plaintiff has failed to meet the third prong of the *prima facie* case of race discrimination. *See id*. Accordingly, it is RECOMMENDED that Plaintiff's claim of race discrimination in violation of Title VII arising out of this incident fails as a matter of law.

 c. *Whether similarly situated employees received better treatment than Plaintiff*

Even if Plaintiff had suffered an adverse employment action in being denied accommodations for his foot injury, Doe, a white female, is not a similarly situated comparator. Specifically, Doe works as an animal husbandry technician in caring for animals, while Plaintiff works as an animal facilities attendant in washing cages. The evidence is undisputed that the job requirements for these positions are entirely different. If the proposed comparator does not have the same "job title, responsibilities, [and] experience," she cannot be considered as similarly situated. *Grice v. Jackson-Madison Cty. Gen. Hosp. Dist.*, 981 F. Supp. 2d 719, 728-29 (W.D. Tenn. Nov. 5, 2013) (citations omitted). Further, it is undisputed that Doe had different work restrictions for her injury than Plaintiff such that she could perform a temporarily available position that Plaintiff could not. Accordingly, it is further RECOMMENDED that Plaintiff has failed to

meet the fourth prong of the *prima facie* case of race discrimination. Accordingly, it is RECOMMENDED that, even if Plaintiff had suffered an adverse employment action, Plaintiff's claim of race discrimination in violation of Title VII arising out of this incident would still fail as a matter of law.

### IV. Conclusion

For the reasons set forth herein, it is RECOMMENDED that Defendant's Motion for Summary Judgment be GRANTED.

**SIGNED** this 6th day of October, 2023.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**